Filed 1/8/26  P. v. Zamora CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085755 |
| v. | (Super.Ct.No. RIF1701874) |
| RICHARD LORENZO ZAMORA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jennifer R. Girard, Judge. Affirmed.

Richard Lorenzo Zamora, in pro. per.; Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Richard Lorenzo Zamora appeals from the trial court's resentencing decision after the court conducted a full resentencing hearing under Penal

1

Code section 1172.75.[1]  Appointed appellate counsel has filed a no-issue brief and requested our independent review under *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende* (1979) 25 Cal.3d 436.  (See also *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 (*Delgadillo*) [applying discretionary independent appellate review to denial of postconviction relief under ameliorative sentencing legislation].)  Whether viewed through the lens of *Anders/Wende* or *Delgadillo*, our review discloses no arguable issues on which to request briefing by the parties. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [threshold for "an arguable issue" requires "a reasonable potential for success" on appeal].)  We have also reviewed defendant's supplemental brief.  (See *Delgadillo*, at p. 232.)  It has no merit in improperly relitigating the jury's underlying factual findings, as we briefly explain *post*.  We therefore affirm the trial court's resentencing decision.

## BACKGROUND

On September 11, 2017, as reflected in this court's published opinion in defendant's appeal from his underlying conviction, the jury convicted him of the following offenses committed earlier that year:  one count of attempted murder (§§ 664, 187), one count of assault with a deadly weapon (ADW) (§ 245, subd. (a)(1)) [a handgun]), one count of robbery (§ 211), one count of criminal threats (§ 422), and two counts of prohibited possession of a firearm (§ 29800, subd. (a)(1) [prior felony convictions]).  (See *People v. Zamora* (2019) 35 Cal.App.5th 200, 203 (*Zamora*).)  The

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

jury further found true enhancement allegations that defendant personally and intentionally discharged a firearm causing great bodily injury during the attempted murder (§ 12022.53, subd. (d)), personally inflicted great bodily injury in committing the ADW offense (§ 12022.7, subd. (a)), and personally used a firearm during the ADW, the robbery, and in making criminal threats (§ 12022.5, subd. (a)). In a bifurcated proceeding, the court found defendant previously served four prior prison terms (§ 667.5, subd. (b)), had been convicted of three prior serious felonies (§ 667, subd. (a)), and had suffered three prior serious or violent felony convictions under the "Three Strikes" law (§§ 1170.12, subd. (c)(2), 667, subds. (c) & (e)(2)(A), 667.5, subd. (b)). The court struck two of defendant's prison priors after finding them reduced to misdemeanors and struck a third for falling outside of the five-year rule. The trial court sentenced defendant to an aggregate term of 120 years to life, including a 20-year determinate term based on defendant's various firearm and prior conviction enhancements. (*Zamora*, at p. 203.)

On appeal, this court rejected defendant's challenge to the sufficiency of the evidence to support his attempted murder conviction (*Zamora*, *supra*, 35 Cal.App.5th at p. 203), and defendant now tries to raise and reargue that claim again in his supplemental brief in this appeal. In *Zamora*, as the People there conceded was necessary, this court remanded for the trial court to strike one of defendant's prior serious felony conviction enhancements (§667, subd. (a)) and to exercise its sentencing discretion under then newly-enacted Senate Bill Nos. 620 (2017-2018 Reg. Sess.) and 1393 (2017-2018 Reg. Sess.) regarding whether to strike any firearm enhancements and whether to strike or

3

dismiss defendant's two remaining prior serious felony enhancements. (*Zamora*, at pp. 203, 206, 208-209.)

On remand, the trial court struck all three of defendant's five-year prior serious felony enhancements, but declined to exercise its discretion to further strike or dismiss any remaining enhancements. The court observed at the time of resentencing, in January 2020, "I really don't see anything in mitigation" to make any additional changes to defendant's sentence.

In February 2025, the trial court conducted a full resentencing hearing under section 1172.75. The court struck defendant's one-year prison prior imposed under former section 667.5, subdivision (b), but otherwise left defendant's sentence intact, resulting in an aggregate sentence of 104 years to life.

In imposing the sentence, the trial court observed that, before shooting the victim, defendant had "earlier that day . . . hit him over the head with a gun [and] threatened to kill" him. Defendant then "arm[ed]" himself again later and "fired the gun striking the person." His prior strikes were gang-benefit offenses. Defendant had shown "very little remorse" nor "any type of restraint" in committing new strike offenses. The court read defendant's letter requesting sentencing relief but noted, while "I understand he didn't have the best upbringing, he had many chances to straighten his life up, many chances, and yet he still engaged in this behavior." The court declined discretionary relief where defendant had committed "one strike after another and then your third one is shooting someone and attempting to kill them," with "no real effort to improve yourself or follow

4

the law." The court found that a further sentence reduction "would absolutely place the safety of the public in jeopardy."

Defendant appealed and, as noted, appointed appellate counsel filed a brief attesting he found no arguable issue to advance, including after consultation with Appellate Defenders, Inc. Counsel advised that he had considered briefing issues concerning whether the trial court erred in resentencing defendant and found none. Counsel listed as a general question for our potential reconsideration: Did the court abuse its discretion by failing to further reduce defendant's sentence? Defendant subsequently filed his supplemental letter brief.

## DISCUSSION

Having independently reviewed the record for potential error, we are satisfied defendant's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232; *People v. Kelly* (2006) 40 Cal.4th 106, 126; see *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

Defendant's supplemental contention is also without merit. He views his briefing opportunity as an avenue to again challenge the sufficiency of the evidence to support his attempted murder conviction. He repeats his contention from his direct appeal "that there is insufficient evidence to support the finding that he had the specific intent to kill" (*Zamora*, *supra*, 35 Cal.App.5th at p. 203), as required for attempted murder. Defendant insists that because the evidence reflected a "downward trajectory" when he fired his gun through the door of the victim's home, striking the victim in the leg (see *ibid*.), as acknowledged and discussed in *Zamora*, he claims again that the prosecution failed to

5

prove his specific intent to kill the victim. He claims again that no reasonable jury could conclude he harbored that intent, despite his prior threat to the contrary, while holding a gun and then pointing the gun at the victim. (See *ibid.* [" 'I'll come back and put a bullet in you if you don't find the [methamphetamine] pipe' "].)

The short answer to defendant's contention is that the resentencing procedure outlined in section 1172.75 is not designed to relitigate a defendant's underlying conviction or convictions. (Cf. *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 458 ["Appellant cannot use a section 1172.6 resentencing hearing to relitigate facts already determined, whether by plea, admission, or verdict"]; *People v. Coley* (2022) 77 Cal.App.5th 539, 549 ["a section 1170.95 petition is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [resentencing hearing is not " 'a do-over on factual disputes that have already been resolved' "]. Instead, the statute's purpose is to apply "changes in law that reduce sentences or provide for judicial discretion" to do so (§ 1172.75 subd. (d)(2)), unless "imposing a lesser sentence would endanger public safety" (*id.*, subd. (d)(1)). Here, defendant's history of increasingly violent strike offenses and his lack of remorse or any insight into how his actions were reasonably perceived by the victim and the jury fully support the trial court's resentencing ruling. Moreover, the unpublished portion of this court's prior opinion already explained why defendant's relitigation of the jury's factual findings lacks any merit.

6

## DISPOSITION

The trial court's resentencing decision is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____

     Acting P. J.

FIELDS _____

    J.